**Surinder KAUR;  et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Surinder Kaur;  et al., Petitioners,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 05–74619, 05–75709.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 30, 2007.

Teresa Salazar, Martin Avila Robles, Esq., Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, a Professional Corporation, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., William C. Peachey, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., Mark L. Gross, Esq., Nathaniel Pollock, U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, D.C., for Respondent.

Before: HALL, O'SCANNLAIN, and IKUTA, Circuit Judges.

MEMORANDUM **

Petitioners Surinder Kaur and her minor son Ikram Pipal seek review of two final orders issued by the Board of Immigration Appeals ("BIA").

The conclusion of the BIA that Kaur's testimony is not credible is supported by substantial evidence. *Sidhu v. I.N.S.*, 220 F.3d 1085, 1088 (9th Cir.2000). "While accorded deference, a credibility determination must be supported by a specific, cogent reason. An adverse credibility ruling will be upheld so long as identified inconsistencies go to the heart of [the] asylum claim." *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (internal citation

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and quotation marks omitted) (alteration in original). An immigration judge ("IJ") may find the applicant to be not credible if "a dramatic, pivotal event [ ] had been omitted from his asylum applications." *Alvarez–Santos v. I.N.S.,* 332 F.3d 1245, 1254 (9th Cir.2003). Here, Kaur testified about six rapes while her declaration discussed only one. Moreover, there are discrepancies regarding the details of the one rape Kaur did describe within both her declaration and her testimony. Because the number and circumstances of the rapes are crucial details that go to the heart of her asylum claim, Kaur's failure to discuss them in her declaration adequately supports the IJ's conclusion. Such dramatic discrepancies cannot be discounted as translation errors. Nor can Kaur explain away such discrepancies by arguing that she merely provided greater elaboration at her hearing.

"[T]he applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu,* 220 F.3d at 1090. On appeal, Kaur does not argue that she has submitted corroborating evidence sufficient to support her claim but rather that she does not need corroborating evidence because her testimony is detailed and credible. As discussed above, the IJ's decision that Kaur's testimony was not credible is supported by substantial evidence.

"Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. I.N.S.,* 831 F.2d 906, 907–08 (9th Cir.1987). Kaur's claim— that her removal order is invalid *ab initio* because both the immigration judge and the BIA granted voluntary departure without authority to do so—is not exhausted.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Kaur's claim that she had a right to a translation of her entire deportation proceeding is similarly unexhausted.

Kaur also claims that she has a due process right to a translation of her entire deportation hearing. This claim is not exhausted. *Id.* at 908 ("[A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process.").

Respondent's motion to vacate the court's temporary stay of petitioners' voluntary departure is dismissed as moot.

**PETITIONS DENIED.**